UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT BONNER JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1297-RLW |
| | ) | |
| MANDERICH LAW GROUP, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff LaMont Bonner, Jr. for leave to proceed in this civil action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against "Manderich Law Group, LLP." He provides a Chicago, Illinois address for the defendant. He invokes this Court's federal question jurisdiction, and can be understood to seek relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*[1]

---

[1]This action is one of eight lawsuits plaintiff filed in this Court in October of 2021 to claim violations of the FDCPA and/or the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq. See Bonner v. Santander Consumer USA,* No. 4:21-CV-1221 SRW (E.D. Mo. Oct. 12, 2021); *Bonner v. Equifax,* No. 4:21-CV-1236 NAB (E.D. Mo. Oct. 13, 2021); *Bonner v. TransUnion,* No. 4:21-CV-1237 HEA (E.D. Mo. Oct. 13, 2021); *Bonner v. I.C. System,* No. 4:21-CV-1261 JCH (E.D. Mo. Oct. 20, 2021); *Bonner v. Medicredit, Inc.,* No. 4:21-CV-1278 JMB (E.D. Mo. Oct. 25, 2021); *Bonner v. First Progress,* No. 4:21-CV-1295 SPM (E.D. Mo. Oct. 28, 2021); *Bonner v. Comenity Bank,* No. 4:21-CV-1296 NCC (E.D. Mo. Oct. 28, 2021); *Bonner v. Manderich Law Group,* LLP, No. 4:21-CV-1297 RLW (E.D. Mo. Oct. 28, 2021).

2

Plaintiff sets forth his statement of claim as follows:[2]

The defandant sent numerous of letter to my place of abode starting around January of 2020, stating that I owe an alleged debt for an account and that I had to pay or they would issue a judement against me which is fraud. The defendant obtained my private information without my consent. The defendant said that a judgement had entered against me as of May 30, 2021. I tried to move in April of 2021 and the apartment complex said they seen that I owed a previous balance and owed the defendant and had to pay in order to move. Then 4 days later of receiving that email I received another one stating I had been denied due the outstanding balance being shown. The letter from May states that I owe a debt and I have to pay the debt. This letters uses deceptive practices becaused I never contracted with them nor gave them permission to contract with me. I never even gave them permsission to sue me. I dont know who this debt collector is. I called the defendant on August 20, 2021. The defendant told me that he was an attorney which is fraud and I stated that to him. He then proceeded to tell me that I should have came across this information sooner than I did and it was too late to do anything. He also stated that he had issued a garnishment of my wages.

Plaintiff seeks monetary relief.

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court concludes it fails to survive review under 28 U.S.C. § 1915(e)(2)(B), and must therefore be dismissed. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). "To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to

---

[2]The text is quoted without correction of the spelling and grammatical errors.

collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

In the present case, plaintiff does not specifically allege that the defendant is a debt collector as defined in the FDCPA. Even if the Court were to presume that plaintiff had properly identified the defendant as a debt collector, plaintiff's allegations would fail to state a valid FDCPA claim because they do not establish that the defendant engaged in conduct prohibited by the FDCPA. Plaintiff does not allege that he did not owe the debt the defendant was trying to collect, nor does he allege the defendant somehow lied to him about his debt, misrepresented the amount owed, or engaged in any conduct that was prohibited by the FDCPA. Plaintiff can be understood to assert that the defendant violated the FDCPA because he "never contracted with" the defendant, or gave the defendant his permission to contract with him or sue him. However, plaintiff does not connect his assertions to any particular provision of law, and there is no basis to conclude that his assertions describe conduct prohibited by the FDCPA. Plaintiff also alleges the defendant is liable to him because "[t]he defendant told me that he was an attorney which is fraud and I stated that to him." However, he alleges no facts permitting the inference that the speaker's identification of himself as an attorney amounted to fraud. In sum, plaintiff has offered nothing more than unsupported assertions and conjecture in support of his claim that the defendant engaged in conduct prohibited by the FDCPA. He therefore fails to state a valid FDCPA claim.

Plaintiff makes no attempt to claim there was a dispute regarding the accuracy of information supplied to a consumer reporting agency, or that the defendant failed to take an action required by the Fair Credit Reporting Act, as necessary to seek relief under the FCRA. *See Echols v. Cavalry Portfolio Services, LLC,* 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021)

4

(describing the elements of a FCRA claim). For the foregoing reasons, the Court concludes the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of January, 2022.